UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SIDNEY E. PURDIE,

        **Plaintiff,**

      v.             9:09-CV-951
                      (FJS/ATB)

SUPERVISOR, Administrative Mail Room,
Auburn Correctional Facility; and HAROLD
D. GRAHAM, Superintendent, Auburn
Correctional Facility,

        **Defendants.**
_____

**APPEARANCES**

**SIDNEY E. PURDIE**
06-A-3298
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court are Plaintiff Sidney E. Purdie's amended complaint, *see* Dkt. No. 7, his motion for appointment of counsel, *see* Dkt. No. 12, and his motion for injunctive relief, *see* Dkt. No. 14.

  Plaintiff submitted the amended complaint in compliance with this Court's September 30, 2009 Memorandum-Decision and Order.[1]  *See* Dkt. No. 6.  In that Memorandum-Decision and

---

[1] In its September 30, 2009 Memorandum-Decision and Order, the Court also granted
                              (continued...)

Order, the Court (1) dismissed "Employees of New York State Department of Correctional Services," "Auburn Post Master General," "Karen Bellamy, I.G.R.C. Director," and the "Central Office Review Committee" as Defendants; (2) dismissed Plaintiff's claims alleging negligence and failure to investigate; (3) advised Plaintiff that he must include the names of specific defendants in his amended complaint and state how each defendant personally participated in the alleged wrongdoing that gave rise to his claims; and (4) denied Plaintiff's request to add "Nurse Quinn" as an additional defendant because it appeared that Plaintiff intended to make the request in the context of another action that Plaintiff has pending in this District.[2]  *See id.* at 3-4.

## II. DISCUSSION

**A.     The amended complaint**

In his amended complaint, Plaintiff alleges that Defendants denied him access to the courts because the state court never received the mail that he sent to that court from Auburn Correctional Facility.  *See* Dkt. No. 7.  Plaintiff claims that "the loss of Plaintiff's legal documents has barred him to proceed timely upon the record to file his State *Habeas Corpus*/Federal *Habeas Corpus*" and "has caused a severe burden upon Plaintiff getting matters reviewed by the Court of Appeals."  *See id.* at 3.  Plaintiff also contends that he filed a writ of *error coram nobis* with the state Court of Appeals "but the documents were not retrieved by the Court of Appeals in order to proceed with further review."  *See id.*

---

[1](...continued)
Plaintiff's *in forma pauperis* application.  *See* Dkt. No. 6.

[2] Plaintiff has now confirmed that he intended to add Nurse Quinn to his other pending action.  *See* Dkt. No. 7 at 2.

Plaintiff names Harold D. Graham, Superintendent of Auburn Correctional Facility, as a Defendant because Mr. Graham "assigned employees of Auburn Correctional Facility to work the Administrative Mail Room." *See id.* at 2. Plaintiff appears to name Supervisor, Administrator Mail Room, as a Defendant for the same reason. Finally, Plaintiff alleges that certain John Doe employees at the Auburn Correctional Facility's mail room, including "John Doe, Law Library Officer," were responsible for the alleged wrongdoing but that Plaintiff is not able to identify any of the John Does at the present time. *See id.* at 6.

Although the amended complaint is not a model of clarity, in light of Plaintiff's *pro se* status and because he is unable to identify the mail room employees who he believes are responsible for allegedly not delivering his mail, the Court accepts the amended complaint for filing.[3] In allowing this action to proceed against the supervisory Defendants at this early stage of the proceedings, the Court notes that, when a prisoner does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) (citations omitted). "After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, . . ., but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." *Id.* at 921-22 (internal citations omitted); *see also Murphy v. Goord*, 445 F. Supp. 2d 261, 266-67 (W.D.N.Y. 2006)

---

[3] The Court takes no position with respect to the merits of any of Plaintiff's claims at this time.

(denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing the plaintiff to proceed with discovery to identify the Doe defendants).

Additionally, the Court will direct the Clerk of the Court to add to the docket as a Defendant, "John Doe, Law Library Officer." The Court, however, advises Plaintiff that the United States Marshals Service cannot effect service on a "John Doe" Defendant. In the event that Plaintiff wishes to pursue any claims against an unidentified Defendant, he must take reasonable steps to ascertain the identity of that Defendant. Upon learning the identity of a Doe Defendant, Plaintiff must move to amend his amended complaint to name him or her as a Defendant properly. If Plaintiff fails to ascertain the identity of any Doe Defendant so as to permit the timely service of process, the Court will dismiss this action against that individual.

Finally, the Court notes that Plaintiff has included the "Auburn Post Master General," "Karen Bellamy, I.G.R.C. Director" and "Center Office Review Committee" as Defendants in the caption of his amended complaint, although the Court dismissed these Defendants from this action in its September 30, 2009 Memorandum-Decision and Order. *See* Dkt. No. 7 at 1. However, Plaintiff clearly states that the Auburn Postmaster General, Karen Bellamy, and the Central Office Review Committee are **not** Defendants. *See id.* at 2. It appears that Plaintiff includes them in the caption because he intends to call them to "testify" on his behalf. *See id.* The Court advises Plaintiff that he is not to include any of these dismissed Defendants in the caption of any future submissions he sends to the Court in this action. The mere fact that Plaintiff may intend to call them as witnesses on his behalf, should this action make it to trial, does not make them parties to this action.

**B.     Motion for appointment of counsel**

Courts cannot use a bright-line test to determine whether to appoint counsel on behalf of an indigent party. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, the court must carefully consider a number of factors in ruling on such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider the following:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the leal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting [*Hodge v. Police Officers*, 802 F.2d 58,] 61-62 [(2d Cir. 1986)]) (other citation omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, the court must decide each case on its own facts. *See Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

In his amended complaint, Plaintiff alleges that Defendants denied him access to the courts. *See* Dkt. No. 7. The Court finds that neither the facts nor the legal issues involved in this case are so complex that they warrant appointment of counsel at this time. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Although it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in may actions that *pro se* litigants bring under 42 U.S.C. § 1983, "this factor alone is not determinative of a motion for

appointment of counsel." *Id.* (citation omitted).  Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.  In any event, it is highly probable that this Court will appoint trial counsel at the final pretrial conference should this case survive the filing of any dispositive motions.  The Court, therefore, finds that, based on the existing record in this case, appointment of counsel is unwarranted.  Finally, the Court advises Plaintiff that he may only file another motion for appointment of counsel in the event that he can demonstrate that, in light of ***specific changed circumstances***, consideration of the above-factors warrants the granting of such an application.

C.     **Motion for injunctive relief**

"[P]reliminary injunctive relief is an extraordinary remedy and should not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show "(1) irreparable harm, 'and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in . . . favor [of the moving party].'" *D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

> In some circumstances, an even higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success where (1) the injunction sought "will alter, rather than maintain, the status quo" – *i.e.*, is properly characterized as a "mandatory" rather than "prohibitory" injunction; or (2) the injunction sought "will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits."

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)).

"The same standards govern consideration of an application for a temporary restraining order." *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. July 31, 2008) (citing *Therrien v. Martin*, No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D. Conn. Oct. 19, 2007)).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at *2 (quoting *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)) (other citation omitted). Speculative, remote or future injury is not the province of injunctive relief. *See Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, *1 (N.D.N.Y. July 3, 2008) ("'Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.'" (quoting *Roucchio*, 850 F. Supp. at 144)). Plaintiff's allegations that he will be the victim of future harm, i.e., threatened assaults and false misbehavior reports) do not amount to irreparable harm.

In this case, since Plaintiff alleges that Defendants denied him access to courts in

-7-

violation of his constitutional rights, he has alleged irreparable harm. *See Jolly*, 76 F.3d at 482; *see also Statharos v. N.Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary." (citation omitted)). However, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has failed to submit **proof or evidence** that meets this standard. Plaintiff has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes the Court should grant his request. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co., Inc. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals . . . ."). Additionally, because Defendants have not yet answered and, indeed, have not even appeared in this suit, the Court cannot ascertain Plaintiff's likelihood of success on his claims. For all these reasons, the Court denies Plaintiff's request for injunctive relief.

### III. CONCLUSION

After carefully considering the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Clerk of the Court shall add to the docket "John Doe, Law Library Officer, as a Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them, together with copies of the amended complaint, to the United States Marshal for service upon the remaining Defendants.[4]  The Clerk of the Court shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants or their counsel shall file a response to Plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure after service of process on Defendants; and the Court further

**ORDERS** that Plaintiff shall take reasonable steps to ascertain the identity of the Doe Defendant(s) listed in the amended complaint and, if appropriate, file a motion to amend his amended complaint to add such individual(s), by name, as Defendant(s) to this lawsuit; and the Court further

**ORDERS** that the parties shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York

---

[4] The Clerk of the Court should issue summonses for Defendants Harold D. Graham and Supervisor, Administrative Mail Room.

13261-7367.  **The parties must accompany any paper that they send to the Court or to the Clerk of the Court with a certificate showing that they mailed a true and correct copy of the same to all opposing parties or their counsel.  The Court will strike from the docket any document that the Court or the Clerk of the Court receives that does not include a certificate of service showing that the party has served a copy of the same on all opposing parties or their counsel.**  Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 in filing motions.  **Plaintiff is also required to notify, in writing, the Clerk's Office and all parties or their counsel promptly of any change in his address; his failure to do so may result in the dismissal of this action**.  The Court will decide all motions on the submitted papers without oral argument unless the Court orders otherwise; and the Court further

  **ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**; and the Court further

  **ORDERS** that Plaintiff's motion for injunctive relief is **DENIED**; and the Court further

  **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 13, 2010
   Syracuse, New York

                _____
                Frederick J. Scullin, Jr.
                Senior United States District Court Judge